# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INFINITE GLOBAL CONSULTING, INC.<br>(Delaware Corporation)<br><br>*Plaintiff*,<br><br>v.<br><br>INFINITE GLOBAL CONSULTING, INC.<br>(Indiana Corporation),<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiff Infinite Global Consulting, Inc. (Delaware Corporation) ("Infinite Global"), through its attorneys, brings this action against Defendant Infinite Global Consulting, Inc. (Indiana Corporation) ("IGC") due to IGC's infringement of Infinite Global's well-known trade name and trademark in connection with media, communications, marketing, branding and content development, and business consulting and research services (the "Infinite Global Services"). IGC is infringing Infinite Global's corporate and trade name Infinite Global Consulting, Inc. (the "Infinite Global Trade Name") and trademarks INFINITE and INFINITE GLOBAL (the "Infinite Global Marks") by using the identical corporate and trade name Infinite Global Consulting, Inc. (the "IGC Trade Name") and trademark INFINITE GLOBAL (the "IGC Mark") in connection with competitive services. IGC's action in establishing itself in the same industry with the identical name as an award-winning and well-known enterprise could only have been accomplished through willful and bad faith adoption with an intent to trade upon the goodwill and recognition of Plaintiff.

## PARTIES

1.     Infinite Global is a Delaware corporation, with its principal place of business at 205 E. 42nd Street, 17th Floor, New York, NY 10017.

2.     Upon information and belief, IGC is a corporation organized recently in 2017 and existing under the laws of the State of Indiana, with its principal place of business at 136 E. Market Street, Suite 800, Indianapolis, IN 46204.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1338, as several claims pertaining to infringement of U.S. trademarks arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and specifically 15 U.S.C. §1125(a) and (c). This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) for claims arising under New York law.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is doing and transacting business in this Judicial District; has substantial contacts with and/or may be found in this Judicial District; a substantial portion of the events at issue have arisen and continue to occur in this Judicial District; and Defendant has committed the tortious acts complained of herein in this Judicial District, among others.

## GENERAL ALLEGATIONS

5.     In the public relations, marketing, communications, branding, and content production industry, the word INFINITE has been closely associated with, and an integral part of the identity and brand of Plaintiff, one of the foremost public relations and communications strategy firms in the United States.  With use of the INFINITE mark and trade name formative beginning in 2001, Infinite Global's predecessor company, Infinite Public Relations, known as INFINITE PR, forged a successful path focusing on media and communications strategy,

deployment, and management for professional services organizations across the United States. INFINITE PR won numerous accolades and awards for its marketing, advertising, and public relations strategies and expanded to include multiple offices across the United States. In 2014 INFINITE PR merged with the international agency Spada, expanding its reach worldwide as the renamed INFINITE SPADA, becoming the largest public relations firm with a focus on professional services organizations in the world. In April 2016, the company was renamed Infinite Global Consulting, Inc. and adopted the INFINITE GLOBAL mark for the Infinite Global Services.

6.      Since April 2016, the Infinite Global Trade Name and Infinite Global Marks have become associated with a premier fully integrated communications, public relations, branding, marketing and content production and consulting agency.

7.      The Infinite Global Trade Name and Infinite Global Marks draw upon the long history of use, industry recognition, awards, and goodwill associated with all prior uses of INFINITE by Infinite Global and predecessor entities to which Plaintiff can claim the benefit. The INFINITE mark has come to represent the valuable goodwill and reputation of Plaintiff and the culmination of its years of use in the industry.

8.      Infinite Global operates a website at www.infiniteglobal.com that provides in-depth review of its Infinite Global Services and offers educational and insightful content and resources, including case studies, news analysis, industry perspectives, white papers and research articles. Infinite Global also maintains an active social media presence with accounts on Twitter, LinkedIn and others.

9.      Infinite Global has become well known in the industry as a result of its comprehensive suite of Infinite Global Services that reach beyond marketing and branding

campaigns.  Like a traditional advertising agency, Infinite Global works with clients to research,

develop and launch brand strategies, campaigns, visual production and website development, and

brand collateral across multiple print, media, and Internet platforms.  As a public relations firm,

Infinite Global also assists its clients with developing and deploying a multimodal

communications strategy to address, *inter alia*, product launches, crisis management, corporate

merger and financial reporting, social media strategies, and litigation media management.

10.     Professional services organizations have come to know and rely on Infinite

Global as an agency that understands the unique needs of legal, financial, real estate, and

consulting businesses. However, this depth of knowledge and sophisticated approach informs its

work with clients outside of the professional services fields as well; Infinite Global routinely

provides its Infinite Global Services to established corporate enterprises, start-up entities,

technology companies, the energy industry, and others.

11.     As a result of Infinite Global's experience and high-profile matters, Infinite

Global has built up substantial consumer recognition in its Infinite Global Trade Name and

Infinite Global Marks.  Infinite Global's Infinite Global Trade Name and Infinite Global Marks

have come to be exclusively associated with plaintiff in the marketing and communications

industry.

12.     Infinite Global has developed significant credibility and trust in its

communications, media management and public statements on behalf of and in connection with

its clients and is highly regarded and known as a trusted partner and premier provider of services

in the industry.

13.     Infinite Global has expended significant resources in marketing and promoting its

Infinite Global Trade Name and Infinite Global Marks.  Due to Infinite Global's investment of

time, money and effort, and the widespread recognition of its name and marks in connection with the Infinite Global Services, the Infinite Global Trade Name and Infinite Global Marks have become strong and well-known.

14. Plaintiff owns protectable trademark rights to the INFINITE and INFINITE GLOBAL marks, including all common law trademark, service mark and trade name rights.

15. On February 20, 2017, long after the use, promotion and recognition of the Infinite Global Trade Name and Infinite Global Marks in the marketing and communications industry, IGC was formed, adopting and using the IGC Trade Name and IGC Mark.

16. IGC offers marketing, advertising and sales consulting and assistance to businesses, including creating brand campaigns, customer research and outreach, advertising development and advertising campaign management (the "IGC Services").

17. On or about February 24, 2017 IGC launched its competing website at the near identical domain name www.infiniteglobalinc.com. IGC has also opened social media accounts on Twitter, Facebook, and LinkedIn, all using the IGC Trade Name and IGC Mark identical to the Infinite Global Trade Name and Infinite Global Marks.

18. IGC touts its rapid expansion from Indiana to Chicago and Seattle and has publicly stated a desire and plan for more robust East Coast operations. IGC regularly issues press releases for general distribution across various channels and across the Internet regarding business developments at IGC. On July 13, 2017, for example, IGC posted on its website its "plan to take New York by storm next month during a business trip to the big city for a prestigious industry event." IGC stated its intention "to network with some of the biggest and most influential names in the industry" at that New York event.

19.     Defendant's IGC Services are highly related to, and at least to some extent competitive with, the Infinite Global Services.

20.     IGC's use of the IGC Trade Name and IGC Mark infringes Infinite Global's rights in its Infinite Global Trade Name and Infinite Global Marks.  In doing so, IGC competes unfairly with Infinite Global and infringes the rights Infinite Global has in such names and marks.

21.     IGC's conduct is likely to lead members of the relevant consuming public, including business professionals, advertising and communications industry executives, and job seekers, to believe that Defendant's IGC Services are provided by, endorsed or approved by, and/or otherwise associated with Infinite Global.  As such, a likelihood of confusion exists between Infinite Global's longstanding use the INFINITE and INFINITE GLOBAL trademarks and the unauthorized and subsequent use by IGC of the identical name and mark.

22.     Given the identical nature of the IGC Trade Name and IGC Mark, customers familiar with Plaintiff's longstanding industry involvement and services under the INFINITE and INFINITE GLOBAL name and mark are likely to assume, incorrectly, that Defendant's services provided under the identical name and marks originated with Plaintiff or that there is an affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved Defendant's services.

23.     Defendant adopted the infringing name and marks and registered the domain name, without adequately clearing the rights to the mark and domain name, and/or with reckless disregard for the prior existing rights of other entities worldwide.  Indeed, on information and belief, including the fact that IGC chose the domain name infiniteglobalinc.com, Defendant chose the IGC Trade Name and IGC Mark with full awareness of Infinite Global and its Infinite Global Trade Name and Infinite Global Marks.

24.     In the few short months since IGC's inception, Infinite Global has already experienced instances of actual confusion between IGC and itself with misdirected inquiries.

25.     On or about May 4, 2017, Infinite Global's Chief Executive Officer spoke with the owner and operator of Defendant, Mr. Andrew Papageorgiou, regarding Plaintiff's concerns. Mr. Papageorgiou made assurances that Defendant would promptly change its name.

26.     When no changes were made, counsel for Plaintiff sent a letter dated May 31, 2017, demanding that all use of the IGC Trade Name and IGC Mark cease immediately.

27.     Though Mr. Papageorgiou subsequently again assured plaintiff, through its counsel, that changes would be implemented promptly, no changes have been made and Mr. Papageorgiou subsequently stopped responding to inquiries.  To date, Defendant has refused to abandon use of IGC Trade Name and IGC Mark and Mr. Papageorgiou refuses to honor his promise or to cease infringement of Plaintiff's rights.  To the contrary, on July 13, 2017, Mr. Papageorgiou posted a new announcement on IGC's website "that he will be taking two of the highest performing Infinite Global [IGC] contractors with him" to New York.

28.     Customers are likely to expect that Defendant's IGC Services are of the same high quality as Plaintiff's award-winning and recognized Infinite Global Services.

29.     Plaintiff has no control over the quality of the IGC Services that Defendant offers under the IGC Trade Name and IGC Mark.

30.     Any failure, neglect, or default by Defendant or negative public perception of Defendant or the IGC Services will reflect adversely upon Plaintiff.

31.     Defendant's continued use of the IGC Trade Name and ITC Mark, if permitted, will lessen the capacity of Infinite Global's own Infinite Global Trade Name and Infinite Global

Marks to identify and distinguish its Infinite Global Services, thereby causing harm to Infinite Global.

32.     IGC's ongoing infringement will tarnish, dilute or diminish the Infinite Global Trade Name and Infinite Global Marks and likely injure the business reputation of Infinite Global.

33.     Despite having notice of Plaintiff's rights, Defendant has continued its use and marketing of its IGC Services under the identical  name and mark, and willfully and knowingly continues to market its services under the identical name and mark, without authorization from Plaintiff and in complete disregard of Plaintiff's rights and demands.

34.     Defendant, by the acts complained of herein, has infringed and continues to infringe the Infinite Global Trade Name and Infinite Global Marks, dilute the unique commercial impression of the Infinite Global Trade Name and Infinite Global Marks, and otherwise improperly use the reputation and goodwill of Plaintiff to promote its competitive services, which are not connected with, authorized, approved, licensed, produced or sponsored by, Plaintiff.

35.     The natural, probable and foreseeable results of Defendant's wrongful conduct has been and will continue to be to deprive Plaintiff of the benefit of its exclusive right to use its Infinite Global Trade Name and Infinite Global Marks, to deprive Plaintiff of the goodwill thereof, and to injure Plaintiff's relations with its present and prospective customers.

36.     The aforesaid acts of Defendant have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law

**COUNT I**
**Lanham Act (15 U.S.C. § 1125(a))**

37.     Infinite Global repeats and realleges the allegations of paragraphs 1-36 of its Complaint as if fully set forth herein.

38.     Defendant's unlawful and improper actions as set forth above are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendant's services, and to falsely mislead others into believing that Defendant's services originate from, are affiliated or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff's services and goods are licensed, sponsored, authorized, approved, or sanctioned by Defendant.

39.     Defendant's activities create the false impression and/or are likely to mislead consumers to believe, *inter alia,* that Defendant's services are affiliated or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff's services are licensed, sponsored, authorized, approved, or sanctioned by Defendant, thereby misleading consumers and the business services community.

40.     Accordingly, Defendant's activities constitute infringement of Plaintiff's common law INFINITE and INFINITE GLOBAL Marks and its trade name Infinite Global Consulting, Inc., and unfair competition in violation 15 U.S.C. §1125(a).

41.     IGC's actions and conduct alleged above have caused irreparable harm, damage and injury to Infinite Global, and unless preliminarily and permanently enjoined by this Court, such conduct will continue to cause irreparable harm, damage and injury to Infinite Global.

42.     Defendant has engaged and continue to engage in these activities knowingly and willfully, so as to justify the assessment of enhanced damages under 15 U.S.C. § 1117.

43.     Infinite Global has no adequate remedy at law.

## COUNT II
## (New York General Business Law § 349)

44.     Infinite Global repeats and realleges the allegations of paragraphs 1-43 of its Complaint as if fully set forth herein.

45.      IGC, without Infinite Global's authorization or consent, and having knowledge of Infinite Global's intellectual property rights, has distributed, advertised, offered, and/or provided its IGC Services to the consuming public in a manner that constitutes deceptive acts and business practices in violation of New York General Business Law §349.

46.     IGC's use of the identical name and mark for its competing services is likely to cause confusion, mistake, and deception as to the origin of IGC's Services, and is likely to deceive, mislead, and confuse consumers that IGC's infringing services originate from, are associated with, or are otherwise authorized by Infinite Global.

47.     By engaging in such false and misleading advertising as to the source of its goods, IGC has engaged in deceptive acts and business practices in violation of New York General Business Law § 349.

48.     IGC's deceptive acts and practices involve public sales activities of a recurring nature.

49.     IGC's actions and conduct alleged above have caused irreparable harm, damage and injury to Infinite Global, and unless preliminarily and permanently enjoined by this Court, such conduct will continue to cause irreparable harm, damage and injury to Infinite Global.

## COUNT III
## (New York General Business Law § 350)

50.     Infinite Global repeats and realleges the allegations of paragraphs 1-49 of its Complaint as if fully set forth herein.

51.     IGC, without Infinite Global's authorization or consent, and having knowledge of Infinite Global's intellectual property rights, has advertised, provided, offered, and/or rendered its infringing IGC Services to the consuming public in a manner that constitutes false advertising in violation of New York General Business Law §350.

52.     IGC's use of the identical name and mark for competing services is likely to cause confusion, mistake, and deception as to the origin of IGC's services, and is likely to deceive, mislead, and confuse consumers that services originate from, are associated with, or are otherwise authorized by Infinite Global.

53.     IGC's conduct involves public sales activities of a recurring nature.

54.     IGC's actions and conduct alleged above have caused irreparable harm, damage and injury to Infinite Global, and unless preliminarily and permanently enjoined by this Court, such conduct will continue to cause irreparable harm, damage and injury to Infinite Global.

### COUNT IV
### (Unfair Competition - New York common law)

55.     Infinite Global repeats and realleges the allegations of paragraphs 1-54 of its Complaint as if fully set forth herein.

56.     IGC's actions constitute unfair competition in violation of the common law of the State of New York.

57.     As a direct and proximate result of the wrongful conduct of IGC, Infinite Global has suffered and continues to suffer irreparable injury.

58.     As a direct and proximate result of the wrongful conduct of IGC, Infinite Global has suffered and continues to suffer damages.

## COUNT V
## (Unjust Enrichment - New York common law)

59.      Infinite Global repeats and realleges the allegations of paragraphs 1-58 of its Complaint as if fully set forth herein.

60.      By its wrongful actions, IGC has been unjustly enriched at Infinite Global's expense.

61.      It is inequitable and against good conscience to permit IGC to retain the benefits derived from its wrongful conduct.

62.      As a direct and proximate result of its wrongful conduct, IGC has been unjustly enriched and Infinite Global has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, Infinite Global demands judgment that:

1.      IGC, its agents, employees, licensees, affiliates, any parent and subsidiary corporations, attorneys and representatives and all those in privity with, or acting under its direction and/or pursuant to its control, be permanently enjoined and restrained from directly or indirectly:

   a.   Using a trademark, trade name designation, or other use of the words INFINITE, INFINITE GLOBAL, or any other confusingly similar term (used along or as part of a word or phrase, and whether capitalized or not) or any variation thereof for its services;

   b.   Performing any acts that are likely to cause confusion, cause mistake, to deceive or otherwise mislead the trade or public into believing that Infinite Global is associated with IGC and/or IGC's products and services;

    c.    Using the words INFINITE, INFINITE GLOBAL, or any other confusingly similar term (used along or as part of a word or phrase, and whether capitalized or not) as a trademark or engaging in any other conduct that creates a likelihood of injury to the business reputation of Infinite Global or a likelihood of misappropriation of the goodwill associated with Infinite Global's trademarks; and

    d.    Engaging in any acts or activities that directly or indirectly trade upon Infinite Global's INFINITE and INFINITE GLOBAL trade name, mark, logos, reputation or goodwill.

2.    IGC be ordered to change its corporate name with all Secretaries of State or other governmental or business organizations with which it registered.

3.    IGC  be ordered to transfer the domain name [www.infiniteglobalinc.com](http://www.infiniteglobalinc.com) to Plaintiff.

4.    IGC be ordered to pay Infinite Global compensatory damages according to proof for the injury sustained by Infinite Global, which sum should be trebled under 15 U.S.C. § 1117, as well as exemplary damages based upon Defendant's intentional and willful conduct.

5.    IGC be ordered to account to Infinite Global for any and all gains, profits, and advantages derived by it from the activities complained of in this Complaint.

6.    Defendant be ordered, at its own expense, to furnish and distribute corrective marketing literature in a form to be approved by Plaintiff.

7.    IGC's actions be declared to constitute deceptive business practices in violation of New York General Business Law § 349.

8.    IGC's actions be declared to constitute false and misleading advertising in violation of New York General Business Law § 350.

97588657.2
.

-13-

9.     IGC's actions be declared constitute unfair competition in violation of New York law.

10.    IGC be declared to have been unjustly enriched in violation of New York common law.

11.    IGC be ordered to pay Infinite Global its costs and attorneys' fees as well as punitive damages on the state law claims, in an amount to be determined by the trier of fact for IGC's willful and deliberate violation.

12.    Infinite Global be granted such other and further relief as this Court deems just or equitable.

## JURY DEMAND

Infinite Global hereby demands a trial by jury on all issues so triable.

PLAINTIFF,
INFINITE GLOBAL CONSULTING, INC.

By /s/ Jonathan B. Tropp
     Jonathan B. Tropp (JT0913)
     jbtropp@daypitney.com
     Day Pitney LLP
     7 Times Square, Times Square Tower
     New York, NY 10036
     T:  (203) 997-7337
     F:  (203) 977-7301
     Its Attorney

Dated:  July 13, 2017